## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 27, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA A. ROWE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0755**  (BOR Appeal No. 2050298)
(Claim No. 2014004867)

**COMMERCIAL INSURANCE SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa A. Rowe, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Commercial Insurance Services, Inc., by Bradley Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 2, 2015, in which the Board affirmed a February 17, 2015, Order of the Workers' Compensation Office of Judges denying Ms. Rowe's motion for an award of costs incurred in reversing the claims administrator's August 14, 2013, decision, which rejected Ms. Rowe's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The instant appeal arises from Ms. Rowe's request for an award of costs incurred in the reversal of the August 14, 2013, claims administrator's decision. On July 25, 2013, a Report of Injury was completed alleging that Ms. Rowe sustained a repetitive use injury to her right upper extremity as a result of the occupational duties she was required to perform in the course of her employment as an executive assistant. The claims administrator rejected Ms. Rowe's application for workers' compensation benefits on August 14, 2013. However, on October 31, 2014, the Office of Judges reversed the claims administrator's decision and held the claim compensable for

1

median tendinopathy, pronator syndrome, and medial epicondylitis. Following the Office of Judges' reversal of the August 14, 2013, decision, Ms. Rowe filed a motion with the Office of Judges requesting an award of costs incurred in obtaining a reversal of the claims administrator's August 14, 2013, decision.

On February 17, 2015, the Office of Judges denied Ms. Rowe's motion for costs as untimely filed pursuant to West Virginia Code of State Rules § 93-1-19.2 (2008). The Board of Review affirmed the Office of Judges' Order in its decision dated July 2, 2015. On appeal, Ms. Rowe asserts that the motion for costs was timely mailed.

At the outset, we note that the only issue currently before the Court is the timeliness of Ms. Rowe's motion requesting an award of costs incurred in obtaining a reversal of the claims administrator's decision. West Virginia Code of State Rules § 93-1-19.2 provides that motions requesting an award of costs must be filed within ninety days of the date of the relevant final decision in a claim. As the trier of fact, the Office of Judges found that Ms. Rowe's motion requesting an award of costs was hand-delivered to the Office of Judges on February 3, 2015. As the final relevant decision in Ms. Rowe's claim was dated October 31, 2014, the Office of Judges determined that Ms. Rowe's motion was filed outside the ninety day time frame enumerated within West Virginia Code of State Rules § 93-1-19.2. Moreover, Ms. Rowe has failed to produce any tangible evidence demonstrating that the motion was not untimely filed. Further, she has failed to produce any tangible evidence in support of her assertion that the motion was timely mailed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 27, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II